**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Janine M. Wallace

    v.                                      Civil No. 10-cv-017-JL

Bank of America et al.[1]

**O R D E R**

Before the Court is Janine Wallace's Complaint, construed to consist of her original complaint (doc. no. 1), the exhibits appended thereto, an addendum entitled "Amendment 1" (doc. no. 4), and factual allegations regarding her liabilities set forth in her financial declaration (doc. no. 2). See Fed. R. Civ. P. 10(c) (exhibit attached to pleading is part of pleading for all purposes). Because Wallace is proceeding both pro se and in forma pauperis, the matter is before me for preliminary review to identify the viable claims and to recommend dismissal of portions of the complaint that, among other things, fail to state a claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule

---

[1] In addition to Bank of America, Wallace names the following defendants in the complaint: Bank of New York Mellon; Haughey, Philpot, and Laurent, P.A.; William Philpot, Jr.; Roman Catholic Archdiocese of Boston; Roman Catholic Diocese of Manchester; and NAMBLA, a/k/a North America Man/Boy Love Association.

("LR") 4.3(d)(1).  In a Report and Recommendation issued this date, I have identified the claims asserted in the Complaint (doc. nos. 1, 2 and 4) and have recommended dismissal of all claims except the claim against Bank of America alleging that the bank engaged wilfully in predatory lending practices.  In the Report and Recommendation, I noted that Wallace's allegations of the bank's:  (a) failure to issue her a 3% fixed rate mortgage; (b) attempt to foreclose; and (c) failure to provide her with a workout package were not sufficient, per se, to state a claim under any state or federal law that I can identify, without further amplification from Wallace.

   Recognizing Wallace's pro se status and the harm that a residential mortgage loan foreclosure could cause her, and noting that Bank of America is a defendant in similar suits elsewhere, I hereby direct Wallace to file an amended complaint.  In her amended complaint, Wallace shall provide more specific allegations regarding Bank of America's allegedly predatory conduct, including the harm that it has caused her, the precise properties subject to the mortgage(s) at issue, and the terms of any such mortgage at issue.  Wallace may attach correspondence or other documents in her possession to the extent that such

documentation is pertinent to her predatory lending practices claim against Bank of America.

## Conclusion

Within 30 days of the date of this Order, Wallace shall file an amended complaint.  The amended complaint shall:

1. Identify the state or federal statute or common law legal theory on which she bases her claim that Bank of America is liable to her for predatory lending practices;

2. Identify the precise properties subject to the mortgage or mortgages at issue, and the relevant terms of such mortgages;

3. Set forth with greater specificity the conduct of the Bank of America that Wallace claims constitutes predatory lending practices; and

4. Specify the nature of the harm Wallace has suffered as a result of the Bank of America's lending practices.

Failure to comply with this Order may result in dismissal of the Complaint.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  June 17, 2010

cc:  Janine M. Wallace, pro se

LBM:nmd