**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Janine M. Wallace

        v.                              Civil No. 10-cv-017-JL

Bank of America et al.

**<u>REPORT AND RECOMMENDATION</u>**

Currently before the court, filed in response to the Report and Recommendation issued August 30, 2010 (doc. no. 13), are plaintiff Janine Wallace's "Amendment and Objection to Report and Recommendation" (doc. no. 15) and Addendum thereto (doc. no. 16).  The Court has referred these filings to me to consider whether any allegation therein alters my conclusion that all claims in this case should be dismissed, as stated in my first and second Report and Recommendation ("R&R"), issued June 17 and August 30, 2010.  <u>See</u> R&R (June 17, 2010) (doc. no. 5) (recommending dismissal of claims 1, 3, and 4, numbered therein); <u>see also</u> R&R (Aug. 30, 2010) (recommending dismissal of all remaining claims asserted by Wallace).  For reasons set forth below, I find no basis for altering my earlier recommendations of dismissal.  To the extent that Wallace has intended to amend the complaint by adding new claims, I recommend dismissal of those claims, as set forth herein.

Background

The defendants originally named in this lawsuit included banks involved in foreclosures on Wallace's homes in Belmont and Meredith, New Hampshire; the banks' lawyers; the North American Man Boy Love Association (a/k/a NAMBLA), and the Roman Catholic Diocese of Manchester and Archdiocese of Boston.  Wallace asserted that the banks violated state and federal laws in foreclosing on her properties, that lawyers and others harassed her, that the Belmont Police Chief defamed her, and that NAMBLA and the Diocesan defendants were liable to her for their history of promoting or engaging in child sex abuse and for the harassment that she has suffered.  I recommended dismissal of all claims asserted in this case prior to August 30, 2010.  See R&R (June 17, 2010) (doc. no. 5); see also R&R (Aug. 30, 2010) (doc. no. 13).

Claims[1]

In her current filings (doc. nos. 15 & 16), Wallace seeks to add as defendants the State of New Hampshire and Belknap

---

[1] The claims identified herein shall be considered to be the claims asserted in documents 15 and 16.  If Wallace disagrees with this identification she must file an objection to this Report and Recommendation, and she must file a proper motion to amend her complaint that conforms with Fed. R. Civ. P. 15 and this Court's Local Rule ("LR") 15.1 (regarding motions to amend).

County for "crimes against humanity," certain state agencies for failing to assist or protect her, and the Towns of Belmont and Meredith for "irresponsible business practices."  Wallace has also alleged Establishment Clause violations relating to the memberships or affiliations of certain state actors, and the governor's participation in a fundraiser for a food bank run by New Hampshire Catholic Charities.  Wallace further alleges that Tom Penos of Mid Atlantic Property Management, broke into her home in 2008 and stole documents relating to her opposition to sex with young children, and that certain other individuals, including police officers, have harassed or defamed her. Specifically, Wallace asserts that Attorney Norman Patenaude defamed her in a letter he wrote in response to a disciplinary complaint she filed against him, and that police officers wrote false statements about her.  See Exs. 1 & 2 to Wallace's Am. and Obj. (doc. nos. 15-1 & 15-2).

Discussion

I.   State of New Hampshire

     A.   Eleventh Amendment

     Wallace's claims relating to the State of New Hampshire include her allegation that the Banking Commission failed to assist her, that the New Hampshire Department of Employment

3

Security ("DES") is withholding money owed to her, that Church and State are mixed in New Hampshire, and that the State has perpetrated certain crimes against humanity.  Claims cannot be maintained in federal court against unconsenting states and their agencies, absent Congressional abrogation of the State's sovereign immunity.  See Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).  Neither a waiver of sovereign immunity, nor any Congressional abrogation of that immunity, exists as to the claims asserted here.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989) (Congress did not abrogate Eleventh Amendment immunity through section 1983).  Accordingly, Wallace's claim against the State and its agencies should be dismissed based on the Eleventh Amendment.

    B.   Establishment Clause

    Wallace's claims asserting violations of the principle of separation of church and state are based on the governor's appearance at a fundraiser for a community food bank run by New Hampshire Catholic Charities, and the Roman Catholic Church membership or affiliation of Robert Ducharme, Chairman of the New Hampshire Board of Nursing, and others who she believes have

harassed or defamed her.  The First Amendment's Establishment Clause, applicable to the States through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion."  U.S. Const. amend. I; see also Milwaukee Dep'ty Sheriffs' Ass'n v. Clarke, 588 F.3d 523, 527 (7th Cir. 2009).  In evaluating claims asserting Establishment Clause violations, the Court applies the following three part test.  See Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971) (setting out three part test); Milwaukee, 588 F.3d at 527. Government action violates the Establishment Clause if:  (1) it has a non-secular purpose; (2) its principal or primary effect is advancing or inhibiting religion; or (3) it fosters excessive government entanglement with religion.  See Freedom from Religion Found. v. Hanover Sch. Dist., 655 F. Supp. 2d 58, 64 (D.N.H. 2009) (citing Cutter v. Wilkinson, 544 U.S. 709, 718 n.6 (2005)).  Wallace has not alleged any nonconclusory facts that may be construed as satisfying any of the three parts of the Lemon v. Kurtzman test.  Wallace has therefore failed to assert any violation of the Establishment Clause, and her claims asserting violations of the principle of separation of church and state should be dismissed.

C.   Crimes against Humanity

Wallace's remaining allegations with respect to the State concern its operation of the Laconia State School for persons with disabilities, which closed in 1991; a lawsuit filed in the state courts challenging school funding in New Hampshire; and conditions at the New Hampshire State Prison.  As to these issues, Wallace has not asserted any legally cognizable injury that would provide her with standing.  See generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (to have standing, plaintiff must have suffered injury in fact, there must be causal connection between injury and defendant's conduct, and favorable decision must be likely to redress injury).  Accordingly, the claims alleging "crimes against humanity" should be dismissed.

II. Belknap County

Wallace's claims as to Belknap County relate to the conditions at the county jail and the conduct of the jail superintendent in connection with the treatment and diagnosis of inmates.  Because Wallace has failed to allege facts showing that she has suffered any injury caused by the County or its officers, her claims should be dismissed.  See id.

6

III. <u>Towns of Belmont and Meredith</u>

Wallace's allegations as to the Towns relate to organized crime and animal abuse in Belmont and the failure of the police in those towns to investigate certain matters involving Wallace's son, property damage, or third parties alleged to have harassed or harmed her.  In her allegations of organized crime and animal abuse, Wallace has failed to show that she suffered any legally cognizable injury.  In connection with her allegations regarding the failure of the police to investigate or charge individuals, Wallace has not stated any legally cognizable claim for that failure, as private citizens have no constitutional right to have a particular criminal investigation or prosecution occur.  <u>See</u> <u>DeShaney v. Winnebago Cnty. Dep't of Social Servs.</u>, 489 U.S. 189, 196 (1989) (due process clause "generally confer[s] no affirmative right to governmental aid, even when such aid may be necessary to secure life, liberty, or property interests"); <u>Nieves-Ramos v. Gonzalez-De-Rodriguez</u>, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).  Thus, the claims against the Towns should be dismissed.

7

IV.   Remaining Allegations

With respect to the remaining issues alleged in Wallace's current filings (doc. nos. 15 & 16), Wallace has failed to state any actionable federal claim.  The defamation claims asserted as constitutional torts, with respect to statements made by the police or other state actors, should be dismissed on the ground that Wallace has not shown that she suffered a deprivation of a tangible interest.  See Paul v. Davis, 424 U.S. 693, 701 & 709 (1976) (stigma plus test).

To the extent Wallace has asserted facts that may give rise to actionable claims based on state law, including claims of conversion and trespass as to Tom Penos and Mid Atlantic Property Management, or defamation as to Attorney Normandeau and others, Wallace, who moved from New Hampshire to Florida during the pendency of this action, has failed to allege facts indicating that the claims satisfy the requirements for this Court to exercise diversity jurisdiction over such claims.  See 28 U.S.C. § 1332 (federal courts have jurisdiction over claims between residents of different states where amount in controversy exceeds $75,000); Topp v. CompAir, Inc., 814 F.2d 830, 832 n.1 (1st Cir. 1987) (diversity of citizenship is measured at time suit is filed).  Such claims should be

8

dismissed without prejudice.  See 28 U.S.C. § 1367 (court may decline to exercise supplemental jurisdiction where all federal claims have been dismissed).

V.   Case Management

Wallace has responded to this Court's orders and recommendations by filing multiple submissions, seeking to assert additional claims in this action.  This practice makes it difficult to move the case forward, as it is stalled in a loop of amendment and preliminary review.  This practice will not be tolerated indefinitely.  Wallace should carefully consider what claims she wishes to pursue in this matter.  To the extent that those claims have not already been filed and addressed by the Court, Wallace would be well advised to file all of those claims by way of a single motion to amend her complaint that complies with Fed. R. Civ. P. 15 and LR 15.1.  If Wallace objects to the contents of this Report and Recommendation, her objection should refer to the claims discussed herein, and not to any new claims she may intend to assert without filing a motion to amend.

## Conclusion

All claims asserted by Wallace in her "Amendment and Objection" and its Addendum (doc. nos. 15 & 16) should be

dismissed.  Nothing asserted in those filings alters my
recommendation that the case should be dismissed.

Any objection to this Report and Recommendation must be
filed within fourteen (14) days of receipt of this notice.
Failure to file objections within the specified time waives the
right to appeal the district court's order.  See Unauth. Pract.
of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);
United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  November 5, 2010

cc:  Janine M. Wallace, pro se

LBM:nmd

10